UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAND INNOVATORS CO. L.P, *et al.*, <br>     *Plaintiffs/Counter-Defendants*, <br> <br> vs. <br> <br> AMERISURE MUTUAL INS. CO., <br>     *Defendant/Counter-Plaintiff.* <br> _____ <br> <br> AMERISURE MUTUAL INS. CO., <br>     *Third-Party Plaintiff*, <br> <br> vs. <br> <br> MICHAEL L. BOGAN, *et al.*, <br>     *Third-Party Defendants.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    1:12-cv-175-JMS-TAB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

In its Notice of Removal, and in the claims it makes against other parties, Defendant Amerisure Mutual Insurance Company ("Amerisure") makes jurisdictional allegations "upon information and belief." [Dkts. 1 at 2; 30 at 10.] Such allegations are insufficient to establish diversity jurisdiction because jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

Likewise, third-party defendants Michael and Melody Bogan's Answer denying having sufficient knowledge to admit or deny various jurisdictional allegations in the third-party complaint against them is insufficient to establish diversity jurisdiction. [Dkt. 44 at 2.]

Additionally, Plaintiffs Land Innovators Co. L.P. ("Land Innovators") and R.N. Thompson failed to file a Local Rule 81-1 Statement within 30 days of Defendant Amerisure Mutual Insurance Company's ("Amerisure") removal of Plaintiffs' Complaint from state to federal court. *See* L.R. 81-1 (requiring, in relevant part, every plaintiff to file a statement within 30 days after the notice of removal "responding to the notice of removal's allegations of citizenship of the parties and the amount in controversy").

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

In light of these deficiencies, the Court **ORDERS** the parties to meet, confer, and conduct whatever investigation is necessary to determine the Court's subject matter jurisdiction over Plaintiffs' claim, Amerisure's counterclaim against the Plaintiffs, and Amerisure's third-party complaint against the Bogans.[1] If the parties contend that diversity jurisdiction exists over any

---

[1] The Court may exercise supplemental jurisdiction over a third-party claim against non-diverse individuals if those claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." *Ball ex rel. Envtl. Conservation & Chem. Corp. Site Trust Fund v. Versar, Inc.*, 2002 U.S. Dist. LEXIS 17389 (S.D. Ind. 2002). Supplemental jurisdiction over third-party state law claims between non-diverse parties does not exist where "claims did not arise out of the same transaction or occurrence." *Id.* (citing *Hartford Accident & Indem. Co. v. Sullivan*, 846 F.2d 377, 380, 382 (7th Cir. 1988)).

claim in this action, they must specifically set forth the citizenship of each party[2] and confirm that the amount in controversy exceeds $75,000, exclusive of interest and costs.  The Court **OR-DERS** the parties to file a joint jurisdictional statement by **October 25, 2012** or, if they cannot agree on the contents of a joint statement, competing statements by that date.  Filing a sufficient statement will satisfy Plaintiffs' obligations under Local Rule 81-1.

10/12/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Stephen J. Peters
HARRISON & MOBERLY
speters@harrisonmoberly.com

Ginny L. Peterson
KIGHTLINGER & GRAY
gpeterson@k-glaw.com

Scott Curtis Quick
SCOTT C. QUICK, LLC
quicklawoffice@gmail.com

David I. Rubin
HARRISON & MOBERLY
drubin@harrisonmoberly.com

Terrence J. Sorg
BROOKS KOCH & SORG
tjsorg@bksattorneys.com

---

[2] The Court reminds the parties that if any of the business entities are unincorporated associations, the citizenship is "the citizenship of all the limited partners, as well as of the general partner" and "must be traced through however many layers of partners or members there may be." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003).  It is insufficient to allege that all partners are citizens of "X" state or that no partners are citizens of "X" state. *Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007).